DIETRICH, APPELLEE, *v.* CAMARGO CADILLAC CO. ET AL., APPELLANTS.

(Nos. C-850185 and -850189 — Decided February 12, 1986.)

*J. Patrick Foley III,* for appellee George P. Dietrich.

*Michael H. Siegler,* for appellant Camargo Cadillac Co.

*Steer, Strauss, White & Tobias* and *Charles H. Tobias, Jr.,* for appellant General Motors Acceptance Corp.

*Per Curiam.* These causes came on to be heard upon appeals from the Hamilton County Court of Common Pleas. The appeal brought by General Motors Acceptance Corporation (No. C-850185) and that brought by Camargo Cadillac Company (No. C-850189) were consolidated for the purposes of argument and decision.

This cause presents only the assertion of error in the granting of plaintiff-appellee's motion for summary judgment on his sixth "cause of action." The substance of his sixth claim for relief is that the appellants charged fees in excess of those allowed by R.C. Chapter 1317, *viz.,* sales tax was included in the "cash price" and therefore formed a component of the amount financed. We agree that the sales tax due on the purchase of the automobile was included in the amount financed but conclude that it was not illegal to do so. The common pleas court should not have granted summary judgment against the defendants-appellants on appellee's sixth claim for relief.

We have previously held that it is impermissible to impose a finance charge on the sales tax assessed on a retail sale. *Ball Furniture Co.* v. *Terrell* (Nov. 9, 1983), Hamilton App. No. C-820996, unreported. Two significant facts render *Ball* inapposite to the case on review: first, the down payment in *Ball* was not sufficient to equal the sales tax due; and, second, the decision in *Ball* antedated the clarification of R.C. 1317.01(K) by the amendment which became effective on May 24, 1984.

In the instant case, the down payment exceeded the sales tax which was due on the sale (and which had been in-cluded in the "cash price" as shown on the retail installment sale instrument). If the "cash price" had not included the amount of the sales tax, then the amount of the down payment would have been reduced by the amount of the sales tax. The amount financed (R.C. 1317.04[E], *i.e.,* the principal balance) is exactly the same with either hypothesis. There is no showing of any prejudice, even assuming that the amount of the sales tax should not have been part of the "cash price."

The inclusion of the sales tax in the "cash price" was specifically authorized by the amendment of R.C. 1317.01(K). Although the amendment postdated the transaction giving rise to the matter *sub judice,* the legislature expressly stated that the amendment was intended as a "clarification of the existing definition of 'cash price' and not as a substantive change in law." Section 3, Am. Sub. H.B. No. 218 (140 Ohio Laws, Part I, 2342, 2350). Pursuant to R.C. 1.30(A), that statement indicates that the 1984 amendment is merely a restatement and correction of and "substituted in a continuing way" for the statute as it existed on the date of enactment. By that enactment, the General Assembly, in effect, approved the inclusion of the sales tax as a part of the "cash price" as reported on the retail installment sale document. The common pleas court erred in failing to give effect to R.C. 1317.01(K) as effective on May 24, 1984.

The assignment of error is meritorious. The judgment appealed from is reversed, and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

SHANNON, P.J., KEEFE and KLUSMEIER, JJ., concur.